# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SELWYN KARP,<br><br>                Plaintiff,<br><br>    v.<br><br>WSFS FINANCIAL CORPORATION, ANAT BIRD, JENNIFER W. DAVIS, MICHAEL J. DONAHUE, NANCY J. FOSTER, FRANCIS B. BRAKE, KAREN DOUGHERTY BUCHHOLZ, ELEUTHÈRE I. DU PONT, CHRISTOPHER T. GHEYSENS, RODGER LEVENSON, DAVID G. TURNER, AND MARVIN N. SCHOENHALS,<br><br>                Defendants. | Case No.: _____<br><br><br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff Selwyn Karp ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1.      This is an action brought by Plaintiff against the members of the Company's board of directors (collectively referred to as the "Board" or the "Individual Defendants," and, together with WSFS Financial Corporation, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78n(a) and 78t(a) respectively, and United States Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.

2.      On March 9, 2021, WSFS Financial Corporation ("WSFS"), a Delaware

corporation and the parent holding company of Wilmington Savings Fund Society ("FSB"), a federal savings bank and wholly owned subsidiary of WSFS ("WSFS Bank"), and Bryn Mawr Bank Corporation ("Bryn Mawr"), a Pennsylvania corporation and the parent holding company of The Bryn Mawr Trust Company, a Pennsylvania chartered bank and wholly owned subsidiary of Bryn Mawr, or Bryn Mawr Bank, entered into an Agreement and Plan of Merger (the "Merger Agreement"). Under the terms and subject to the conditions of the Merger Agreement, among other things, (i) Bryn Mawr will merge with and into WSFS, with WSFS continuing as the surviving corporation (the "Merger") and (ii) simultaneously with the Merger, Bryn Mawr Bank will merge with and into WSFS Bank, with WSFS Bank continuing as the surviving bank ("Bank Merger" and, together with the Merger (the "Proposed Transaction").

3.  If the Proposed Transaction is completed, each share of common stock, par value $1.00 per share, of Bryn Mawr ("Bryn Mawr Common Stock), excluding certain specified shares, will be converted into the right to receive 0.90 of a share or the exchange ratio, of common stock par value $0.01 per share, of WSFS, which we refer to as WSFS common stock, with cash paid in lieu of fractional shares.

4.  For the reasons below, Plaintiff asserts claims against Defendants for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.  Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to WSFS's public common shareholders sufficiently in advance of the upcoming shareholder vote or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange

2

Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act.

6.  This Court has jurisdiction over the Defendants because each Defendant is either a corporation that conducts business and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper in this District under 28 U.S.C. § 1391, because WSFS is headquartered and incorporated in this District, some of the transaction and wrongs complained of herein, including Defendants' primary participation in the wrongful acts detailed herein, occurred in this District, and Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## PARTIES

**Plaintiff**

8.  Plaintiff Selwyn Karp is, and has been at all times relevant hereto, a common stock shareholder of WSFS.  Plaintiff Karp purchased 3,118 shares of WSFS on March 18, 2019.

**Defendants**

9.  ***Defendant WSFS Financial Corporation*** ("WSFS" or the "Company") is a savings and loan holding company headquartered in Wilmington, Delaware.  Substantially all of the Company's assets are held by its subsidiary, Wilmington Savings Fund Society, FSB (WSFS Bank or the Bank), one of the ten oldest bank and trust companies in the United States continuously operating under the same name.  With $14.3 billion in assets and $24.2 billion in assets under management (AUM) and assets under administration (AUA) at December 31, 2020, WSFS Bank is the oldest and largest locally-managed bank and trust company headquartered in the Delaware and Greater Philadelphia region.  As a federal savings bank that was formerly chartered as a state

mutual savings bank, WSFS Bank enjoys a broader scope of permissible activities than most other financial institutions.

10. **_Defendant Anat Bird_** ("Bird') has been a director of WSFS since 2010

11. **_Defendant Jennifer W. Davis_** ("Davis") has been a director of WSFS since 2009.

12. **_Defendant Michael J. Donahue_** ("Donahue") has been a director of WSFS since March 2019.

13. **_Defendant Nancy J. Foster_** ("Foster") has been a director of WSFS since November 2020.

14. **_Defendant Francis B. Brake_** ("Brake") has been a director of WSFS since 2014.

15. **_Defendant Karen Dougherty Buchholz_** ("Buchholz") has been a director of WSFS since March 2019.

16. **_Defendant Eleuthère I. du Pont_** ("du Pont") has been a director of WSFS since 2013.

17. **_Defendant Christopher T. Gheysens_** ("Gheysens") has been a director of WSFS since 2017.

18. **_Defendant Rodger Levenson_** ("Levenson") was appointed Chairman of the Board effective January 1, 2020 and has served as President and Chief Executive Officer of WSFS since January 2019.

19. **_Defendant David G. Turner_** ("Turner") has been a director of WSFS since 2013.

20. **_Defendant Marvin N. Schoenhals_** ("Schoenhals") was Chairman of WSFS Financial Corporation and WSFS Bank from 1992-2017 and has been a director of both since 1990.

21. The parties in paragraphs 11 through 20 are collectively referred to herein as the

"Board" or the "Individual Defendants," and together with WSFS, the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### I. The Proposed Transaction

22. On March 9, 2021, WSFS's Board caused the Company to enter into the Merger Agreement with Bryn Mawr.

23. Pursuant to the terms of the Merger Agreement, Bryn Mawr's stockholders will receive 0.90 shares of WSFS common stock for each share of Bryn Mawr common stock they own.

24. WSFS and Bryn Mawr will each hold a special meeting of their respective stockholders in connection with the Proposed Transaction. WSFS and Bryn Mawr cannot complete the Proposed Transaction unless (a) the WSFS stockholders vote to adopt the merger agreement and approve the transactions contemplated thereby, including the merger and the issuance of shares of WSFS common stock in connection with the merger and (b) the Bryn Mawr shareholders vote to approve the merger agreement and the transactions contemplated by thereby, including the merger.

### II. The Materially Incomplete and Misleading Joint Registration Statement

25. Defendants filed a joint registration statement ("S-4", "Proxy" or "Joint Registration Statement") with the SEC in connection with the Proposed Transaction.

26. As set forth below, the Joint Registration Statement omits material information with respect to the Proposed Transaction.

27. First, the Joint Registration Statement omits material information regarding WSFS's financial projections.

28. The Joint Registration Statement does not disclose WSFS's projected net income

and balance sheet. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Joint Registration Statement fails to disclose material information regarding the analyses performed by Keefe, Bruyette & Woods, Inc. ("KBW").

30. With respect to KBW's Bryn Mawr Selected Companies Analysis and the WSFS Selected Companies Analysis, the Joint Registration Statement does not disclose the individual multiples and financial metrics for the companies observed by KBW in the analyses.

31. With respect to KBW's Selected Transactions Analysis, the Joint Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by KBW in the analysis.

32. With respect to KBW's Financial Impact Analysis, the Joint Registration Statement does not disclose: (a) the closing balance sheet estimates used in the analysis; (b) the street estimates for WSFS and Bryn Mawr used in the analysis; (c) the pro form assumptions; and (d) the extent to which the Proposed Transaction could be accretive to WSFS's estimated 2022 and 2023 EPS and dilutive to WSFS's estimated tangible book value per share at closing as of September 30, 2021.

33. With respect to KBW's Relative Contribution Analysis, the Joint Registration Statement fails to disclose: (a) the balance sheet data used in the analysis; (b) the street estimates for WSFS and Bryn Mawr used in the analysis; (c) the financial and operating forecasts and projections used in the analysis; and (d) the market price information used in the analysis.

34. With respect to KBW's Bryn Mawr's Discounted Cash Flow Analysis, the Joint

Case 1:21-cv-00605-CFC   Document 1   Filed 04/28/21   Page 7 of 12 PageID #: 7

Registration Statement does not disclose: (a) the individual inputs and assumptions underlying the discount rates used in the analysis; (b) the implied future excess capital available for dividends used in the analysis; (c) Bryn Mawr's implied terminal values; (d) the basis for assuming that Bryn Mawr would maintain a tangible common equity to tangible asset ratio of 8.00%; and (e) the basis for applying a range of 11.0x to 15.0x.

35. With respect to KBW's WSFS's Discounted Cash Flow Analysis, the Joint Registration Statement does not disclose: (a) the individual inputs and assumptions underlying the discount rates; (b) the implied future excess capital available for dividends used in the analysis; (c) WSFS's implied terminal values; (d) the basis for assuming that WSFS would maintain a tangible common equity to tangible asset ratio of 8.00%; (e) the basis for applying a range of 12.0x to 16.0x; and (f) the street estimates used in the analysis.

36. With respect to KBW's *Pro Forma* Discounted Cash Flow Analysis, the Joint Registration Statement does not disclose: (a) the pro forma assumptions; (b) the street estimates; (c) the individual inputs and assumptions underlying the discount rates; (d) the implied future excess capital available for dividends used in the analysis; (e) the pro forma combined entity's implied terminal values; (f) the basis for assuming that the pro forma combined entity would maintain a tangible common equity to tangible asset ratio of 8.00%; and (g) the basis for applying a range of 12.0x to 16.0x.

37. The Joint Registration Statement also does not disclose the amount of compensation KBW has received or will receive for the past services it provided to WSFS and its affiliates.

38. The omission of the above-referenced material information renders the Joint Registration Statement false and misleading.

7

## COUNT I

**(Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100 Promulgated Thereunder)**

39. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40. Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

41. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

42. The omission of information from a proxy will violate Section 14(a) and Rule 14a-9 if other SEC regulations specifically require disclosure of the omitted information.

43. Defendants have issued the Joint Registration Statement with the intention of soliciting both company's common shareholders' support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Joint Registration Statement, which fails to provide critical information regarding the items discussed above.

44.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Joint Registration Statement, but nonetheless failed to obtain and disclose such information to the Company's shareholders although they could have done so without extraordinary effort.

45.     The misrepresentations and omissions in the Joint Registration Statement are material to Plaintiff and shareholders, who will be deprived of their right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**(Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act)**

46.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47.     The Individual Defendants acted as controlling persons of WSFS within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of WSFS, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Joint Registration Statement filed with the SEC, they had the power to influence and control

and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Joint Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The Joint Registration Statement contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in preparing this document.

50. In addition, as the Joint Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Joint Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these

Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

53.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.      Enjoining Defendants and all persons acting in concert with them from proceeding with the shareholder vote or consummating the Proposed Transaction, unless and until the Company discloses the material information discussed above which has been omitted from the Joint Registration Statement;

B.      Directing the Defendants to account to Plaintiff all damages sustained as a result of their wrong doing;

C.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 28, 2021

**BIELLI & KLAUDER, LLC**

*/s/ Ryan M. Ernst*
Ryan M. Ernst (#4788)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
Email: rernst@bk-legal.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10016
Tel.: (212) 983-1300
Fax: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Attorneys for Plaintiff*